JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff

- [ ] 3  Federal Question
*(U.S. Government Not a Party)*

- [ ] 2  U.S. Government
Defendant

- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1309 Harshaw Road, Brookhaven, PA 19015 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  ***Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.**  ***Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH STEINMACHER                          :
1309 Harshaw Road                           :
Brookhaven, PA 19015                        :        CIVIL ACTION
                           Plaintiff,       :        NO.
      v.                                     :
CHESTER TOWNSHIP                             :
1150 Engle Street                           :
Chester, PA 19013,                          :
      and                                    :
POLICE OFFICER MICHAEL SPICER               :
BADGE # 2986                                :
c/o Chester Township                        :
1150 Engle Street                           :
Chester, PA 19013,                          :
      and                                    :
POLICE CORPORAL ATKINS,                     :
BADGE # 2943                                :
c/o Chester Township                        :
1150 Engle Street                           :
Chester, PA 19013,                          :
                       Defendants.      :

## CIVIL RIGHTS COMPLAINT

Plaintiff, **JOSEPH STEINMACHER**, by and through his undersigned counsel, Jeffrey R. Lessin & Associates, & P.C., hereby files this Complaint, suing Defendants, **CHESTER TOWNSHIP, Police Officer MICHAEL SPICER, and Police Corporal ATKINS** individually, and in their capacities as Chester Township police officers, and avers as follows:

1

## INTRODUCTION

1.      This is an action at law for damages sustained by a citizen of the United States against individuals, police officers of **CHESTER TOWNSHIP**, and **CHESTER TOWNSHIP** itself, respectively, and is brought to redress the violations by Defendants of the rights secured to Plaintiff by the Constitution and laws of the United States of America, and the laws of the Commonwealth of Pennsylvania.

2.      On Wednesday, November 17, 2024 at approximately 11:35 p.m. , Plaintiff **JOSEPH STEINMACHER** was struck in the face and violently thrown to the floor, by Defendant **Police Officer Michael Spicer** (badge #2986) , in the interior of his residence at 1309 Harshaw Road, Brookhaven, Pennsylvania 19015, which is located in **CHESTER TOWNSHIP,** Delaware County, PA, while  Defendant **Police Officer MICHAEL SPICER** was then and there in uniform and acting as a police officer for the **CHESTER TOWNSHIP** police department**,** and was therefore acting under color of state law.

3.      During the violent assault and  battery committed by **Police Officer MICHAEL SPICER**, **Police Corporal ATKINS** was present in residence in close proximity to the spot where the assault and battery occurred. **Police Corporal ATKINS** failed to prevent **Police Officer MICHAEL SPICER** from unlawfully assaulting and battering the Plaintiff and he aided and abetted **Police Officer MICHAEL SPICER** in the assault and battery.

4.      Plaintiff brings this claim pursuant to 42 U.S.C. §1983 seeking monetary relief for violation of the Fourth Amendment to the Constitution of the United States, as well as other violations described herein. Plaintiff also seeks damages under Pennsylvania tort law.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court is invoked under 28 U.S.C. §§1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to Plaintiff by the Fourth Amendment to the Constitution of the United States, made applicable to the states under the Fourteenth Amendment to the Constitution of the United States.

6.     Venue is properly placed in the United States District Court of the Eastern District of Pennsylvania as it is where all parties reside, or have offices and business addresses, and where the illegal events complained of all occurred.  See 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7.     Plaintiff, **JOSEPH STEINMACHER**, is adult individual, a citizen of the United States, and a resident of **CHESTER TOWNSHIP**, Delaware County, Pennsylvania, who lives at the above captioned address.

8.     Defendant, **CHESTER TOWNSHIP** is a municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and/or a department or division thereof, and it was the employer of Defendants **Police Officer MICHAEL SPICER**, and **Police Corporal ATKINS**.

9.     All actions and/or omissions that were performed by the individual police officers identified above were in the name of **CHESTER TOWNSHIP**, and were therefore under the color of state law.

3

10. Defendants **Police Officer MICHAEL SPICER** and **Police Corporal ATKINS** are adult individuals, duly appointed and at all times relevant hereto acting as officers of the law in **CHESTER TOWNSHIP**. They are being sued individually for money damages.

11. At all times pertinent hereto, Defendant **CHESTER TOWNSHIP**, and Defendants **Police Officer MICHAEL SPICER**, and **Police Corporal ATKINS**, each of them acting separately and in concert, through conduct sanctioned under color of state law, statute, municipal ordinances, regulations, policies, practices, customs and/or usages engaged in conduct resulting in injury and damage to the Plaintiff, depriving him of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States, as made applicable to the states under the Fourteenth Amendment to the Constitution of the United States, the laws of the United States and Commonwealth of Pennsylvania, as well as other violation as detailed herein.

## FACTS

12. On and prior to November 17, 2024, Plaintiff **JOSEPH STEINMACHER** resided at the above captioned address, in Brookhaven, **CHESTER TOWNSHIP**, Delaware County, Pennsylvania.

13. On November 17, 2024, at about 11:30 p.m., Plaintiff **JOSEPH STEINMACHER** was present inside his residence when **Police Officer MICHAEL SPICER**, and **Police Corporal ATKINS** arrived, allegedly in response to a call about a domestic disturbance in the residence.

4

14. After entering the residence, Defendant **Police Officer MICHAEL SPICER** approached Plaintiff **JOSEPH STEINMACHER** and ordered Plaintiff **JOSEPH STEINMACHER** to put down the bottle of water that the Plaintiff was holding.

15. Plaintiff **JOSEPH STEINMACHER** was in the process of following **Police Officer MICHAEL SPICER**'s order and not presenting any threat or resistance to either **Police Officer MICHAEL SPICER** or **Police Corporal ATKINS**, when **Police Officer MICHAEL SPICER** violently and without cause struck the Plaintiff in the face with his closed fist, tackled the Plaintiff, and forcefully flung the Plaintiff to the floor.

16. While **Police Officer MICHAEL SPICER** was committing the above described unprovoked assault and battery on the Plaintiff, **Police Corporal ATKINS** stood in close proximity. **Police Corporal ATKINS** did not attempt to prevent **Police Officer MICHAEL SPICER** from assaulting, battering, and injuring the Plaintiff.  After the Plaintiff was on the floor, **Police Corporal ATKINS** assisted **Police officer MICHAEL SPICER** in violently restraining the Plaintiff and placing the Plaintiff under arrest.

17. The above described assault and battery caused Plaintiff **JOSEPH STEINMACHER** to suffer injuries to his face, head, neck, back and body.

18. At no time did Plaintiff **JOSEPH STEINMACHER** strike, push, grab, attack, injure or threaten either Defendant **Police Officer MICHAEL SPICER** or Defendant **Police Corporal ATKINS**.

19. After being violently assaulted and arrested, Plaintiff **JOSEPH STEINMACHER** was charged only with disorderly conduct.

5

20.    The Affidavit of Probable Cause written by **Police Officer MICHAEL SPICER** to justify the Plaintiff's arrest falsely asserts that the Plaintiff "repeatedly ignored police commands and kept getting in my face and placing his hands on me."

21.    The Affidavit of Probable Cause authored by **Police Officer MICHAEL SPICER** contains material falsehoods regarding the conduct of Plaintiff **JOSEPH STEINMACHER**.

22.    All of these material falsehoods made by Defendant **Police Officer MICHAEL SPICER** were in furtherance of the scheme to excuse the unprovoked violent assault that was committed upon Plaintiff **JOSEPH STEINMACHER**.

23.    The individual Defendants agreed with each other and had a meeting of the minds to create a false story against Plaintiff **JOSEPH STEINMACHER**, and to back each other up with false testimony all in order to justify the Plaintiff's violent arrest.

24.    No **CHESTER TOWNSHIP** police officer had cause to strike the Plaintiff in the face or to throw him to the floor in the course of the arrest.

25.    Plaintiff's violent arrest was a direct, proximate, and factual result of not only the individual Defendants' misconduct as detailed herein, but was also a direct, proximate, and factual result of the policies, customs and practices of Defendant **CHESTER TOWNSHIP**, including, but not limited to, those relating to, confronting, detaining, and arresting citizens. Policy makers for Defendant **CHESTER TOWNSHIP** had responsibility for these policies, customs and practices.

6

26.    The actions of the individual Defendants was undertaken deliberately and intentionally, with knowledge that there was a high probability of serious harm, and with reckless indifference to the consequences which were likely to occur, and did occur to Plaintiff.

27.    The actions of Defendants was undertaken deliberately and intentionally, with knowledge that they were violating all standard operating procedures and policies in effect at that time.

28.    The individual Defendants acted recklessly and with deliberate indifference, knowingly and intentionally violating all rational standards relating to confronting, detaining, and arresting citizens based only upon probable cause.

29.    Defendant **CHESTER TOWNSHIP** created a policy, practice and/or custom of deliberate indifference and recklessness in the training, supervision and discipline of personnel, including officers who engaged in improper, illegal and unnecessary use of force.

30.    Defendant **CHESTER TOWNSHIP** created a policy, practice and/or custom of deliberate indifference and recklessness in the training, supervision and discipline of personnel, including officers, in the proper standards and procedure for confronting, detaining, and arresting citizens.

31.    The acts and/or omissions to act of all Defendants, individually, and through their duly authorized agents, servants, workers, employees, and/or representatives were committed willfully, wantonly, maliciously, intentionally, falsely, unlawfully, and by conduct so outrageous and egregious as to shock the conscience and all sense of decency and fair play.

7

32.     The acts and/or omissions to act of all Defendants, individually, and through their duly authorized agents, servants, workers, employees, and/or representatives were committed without due regard, and with a wanton and reckless disregard and malice aforethought to the health, safety and welfare of the Plaintiff.

33.     In assaulting, battering, confronting, detaining, and arresting the Plaintiff, the individual Defendants knew and should have known that they were violating the constitutional rights of the Plaintiff, including his right to freedom from: the use of unnecessary, unreasonable and excessive physical force, and violations of his right to be secure in his person, all of which rights are provided by the Constitution of the United States of America, including the Fourth Amendment, made applicable to the states through the Fourteenth Amendment.

34.     There was a systematic pattern of misconduct in this case, which consisted of individual acts of violence, threats, intimidation, abuse, assault, and battery visited upon the Plaintiff by the individual Defendants, members of the Defendant **CHESTER TOWNSHIP** police department, acting in concert with each other, and/or persons unknown to Plaintiff under color of law, together with the acts specified in this Complaint.  These acts have no justification or excuse in law and are illegal, improper and unrelated to any activity in which a police officer may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

8

35.     Despite the fact that Defendant **CHESTER TOWNSHIP** and/or its policy making officials knew or should have known of the fact that this pattern of conduct was being carried out by their officers, Defendant **CHESTER TOWNSHIP**, through its said officials, has taken no effort to order a halt to this course of conduct, to make redress to the Plaintiff or other citizens injured, damaged or killed thereby, or to take any disciplinary action whatsoever against any of its employees and/or agents, thus having the effect of encouraging their employees and/or agents to continue in this illegal pattern of conduct.

36.     As a direct and proximate result of the misconduct of the Defendants, Plaintiff was caused to suffer injuries and damages as referenced herein.

37.     As a direct and proximate result of the misconduct of the Defendants, Plaintiff was, or may in the future be, required to expend sums of money for medical expenses and legal expenses.

38.     As a direct and proximate result of the misconduct of Defendants, Plaintiff suffered mental anguish, humiliation, embarrassment, psychological and emotional distress, severe shock, and emotional upset and anxiety.

39.     As a direct and proximate result of the misconduct of Defendants, Plaintiff was deprived of the rights, privileges and immunities, including the enjoyment of life's pleasures, secured to him by the Constitution of the United States and the laws of the Commonwealth of Pennsylvania.

40.     The Defendants had no legal cause or excuse to harass, threaten, assault, or batter the Plaintiff.

9

41.     The actions of the Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

      a.     Violation of his constitutional rights under the Fourth Amendment to the United States Constitution, including the right to be free from excessive use of force.

42.     As discussed above and below, the Plaintiff avers that the policy makers of the Defendant **CHESTER TOWNSHIP,** in the course and scope of their positions with Defendant **CHESTER TOWNSHIP** (and thus acting under color of state law), established, recognized, and accepted policies procedures, customs and/or practices of the Defendant **CHESTER TOWNSHIP**, which included, at relevant times, condoning and/or acquiescing to the violation of constitutional rights of citizens, including, but not limited to, a policy, procedure, custom and/or practice of the improper use of excessive force, in violation of the United States Constitution and Federal Statutes, 42 U.S.C.§1983.

43.     As set forth below, Plaintiff has brought separate claims against the individual Defendants and a Monell claim, identified herein, against Defendant **CHESTER TOWNSHIP**.  These claims include those identified below as a claim for  excessive force, illegal use of force, and assault and battery.  Plaintiff also sues Defendant **CHESTER TOWNSHIP** for failure to train, supervise and discipline it's police officers pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978).

44.     Plaintiff seeks remedies pursuant to federal statute, 42 U.S.C.§§1983 and 1988, and damages at law provided by state law and the United States Constitution.

10

45.     Plaintiff also seeks civil damages pursuant to Pennsylvania common law for claims pendent to this matter brought for state law violations, including excessive force, and assault and battery.

**COUNT I**
**PLAINTIFF v. DEFENDANT  POLICE OFFICER MICHAEL SPICER**
**FEDERAL CIVIL RIGHTS VIOLATIONS**
**FOURTH AMENDMENT-EXCESSIVE FORCE**

46.     The Plaintiff hereby incorporates by reference all of the averments contained in paragraphs 1 through 46 above, inclusive, as fully as though the same were set forth here at length.

47.     Defendant **Police Officer MICHAEL SPICER** used excessive force by striking Plaintiff  in the face with a closed fist and violently throwing him to the floor, with no justification for those actions,  thereby violating the Plaintiff's rights under the Constitution of the United States, in particular, the Fourth Amendment, as made applicable to the states under the Fourteenth Amendment.

48.     Defendant **Police Officer MICHAEL SPICER** unnecessarily and with deliberate indifference created a dangerous situation thereby directly causing unwanted physical contact and injury to the Plaintiff.

49.     Without any justification or provocation, Defendant **Police Officer MICHAEL SPICER** intentionally, willfully, maliciously and with deliberate indifference caused Plaintiff to suffer the injuries described above.

50.     Defendant **Police Officer MICHAEL SPICER** violated Plaintiff's constitutional rights as specified herein.

11

51.     Defendant **Police Officer MICHAEL SPICER** acted in willful disregard for the safety of Plaintiff in a manner that shocks the conscience.

52.     The harm ultimately caused (i.e., the striking of the Plaintiff and his injuries and damages) was foreseeable and direct.

53.      Plaintiff was a foreseeable Plaintiff and/or victim of said Defendant's outrageous conduct.

54.     As a direct and proximate result of the aforesaid acts of Defendant **Police Officer MICHAEL SPICER**, committed under color of state law, Plaintiff suffered the harm and damages averred above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, **JOSEPH STEINMACHER**, demands compensatory and punitive damages against the Defendant, **Police Officer MICHAEL SPICER**, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

### COUNT II
### BYSTANDER LIABILITY-FAILURE TO INTERVENE
### PLAINTIFF v. POLICE CORPORAL ATKINS

55.     The Plaintiff hereby incorporates by reference all of the averments contained in paragraphs 1 through 55 above, inclusive, as fully as though the same were set forth here at length.

56.    Defendant, **Police Corporal ATKINS** was present when the Plaintiff's Fourth Amendment rights were being violated and had duty to stop the unconstitutional use of force against the Plaintiff.

57.    Defendant, **Police Corporal ATKINS** knew or has reason to know that the Plaintiff's Fourth Amendment rights were being violated, and the aforementioned Defendant had a realistic opportunity to intervene and prevent the violation of the Plaintiff's Fourth Amendment rights and resulting harm from occurring but failed to do so.

58.    Defendant **Police Corporal ATKINS,** maliciously, recklessly, and/or intentionally, and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of the above-named Defendant, resulting in Plaintiff sustaining the injuries as set forth above.

59.    The above-described actions of the Defendant, **Police Corporal ATKINS,** in his individual capacity, was so malicious, intentional and reckless amnd displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, **JOSEPH STEINMACHER**, demands compensatory and punitive damages against the Defendant, **Police Corporal ATKINS**, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

13

**COUNT III**
**PLAINTIFF v. DEFENDANT CHESTER TOWNSHIP**
**FEDERAL CIVIL RIGHTS VIOLATIONS**
**MONELL CLAIM**

60.    The Plaintiff hereby incorporates by reference all of the averments contained in paragraphs 1 through 59 above, inclusive, as fully as though the same were set forth here at length.

61.    The constitutional violations averred in Counts I and II above were without provocation, justification, reason or cause.

62.    Said Defendant **CHESTER TOWNSHIP** had a duty to safeguard Plaintiff's constitutional rights, and those rights were deliberately ignored or abandoned by the said Defendant, including, but not limited to the Defendant **CHESTER TOWNSHIP**'s policy and decision makers.

63.    The said Defendant acted in willful disregard for, or deliberate indifference to, the safety of the Plaintiff.

64.    The said Defendant knew that its officers, employees and agents would confront similar situations as found herein by the individual Defendants and/or other police officers in their dealings with the Plaintiff, a history of such employees mishandling of such situations exists, and these wrong choices by said officers, employees and agents, frequently cause deprivation of constitutional rights. Defendant Chester Township has been sued in the following cases for their Police Officers allegedly acting with excessive force:

a.    Atlas Nowell v. Chester Township, et al. (2:09-cv-03266-CSMW July, 2009)

14

      b.      Brandon Alvin, et al. v. Chester Township, et al. (2:21-cv-03903-AB September, 2021)

      c.      Vincent Lewis, et al. v. Chester Township, et al. (2:26-cv-00625-KBH January, 2026)

      d.      John Carpenter v. Chester Township, et al. (2:14-cv-02731-TJS May, 2014)

65. The said Defendant did nothing on an on-going basis to ensure that the officers, such as the individual Defendants, complied with municipal, departmental, Bureau, Federal and Commonwealth rules and regulations, particularly those related to use of force and use of the arrest power.

66. The said Defendant , by formulating, and/or acquiescing in the longstanding policies, customs or practices as stated _supra_, acted with deliberate or reckless indifference, callous disregard, or in such arbitrary manner so as to shock the conscience.

67. Through its deliberate conduct, Defendant **CHESTER TOWNSHIP** was the moving force behind these violations.

68. Defendant **CHESTER TOWNSHIP** , acting under color of state law, deprived the Plaintiff of rights secured by the Constitution.

69. Defendant **CHESTER TOWNSHIP** , though policy makers and other leaders who had the power to make policy, are responsible for the acquiescence in a well-settled custom in the Defendant **CHESTER TOWNSHIP**.

70. The actions described _supra_ were so deliberate and intentional, and displayed such reckless and/or deliberate indifference to the rights and well being of the Plaintiff as to shock the conscience.

15

71.    Defendant **CHESTER TOWNSHIP** violated the Plaintiff's rights by failing to train, supervise and discipline its officers, the individual Defendants and others, in the proper methods for dealing constitutionally with individuals allegedly suspected of crimes and for the proper use of force.

72.    Police officers of Defendant **CHESTER TOWNSHIP,** have a history of assaulting, battery and physically attacking citizens while on duty and/or in uniform. Police officers of Defendant **CHESTER TOWNSHIP** have previously attacked, assaulted, or otherwise committed crimes and/or misdemeanors against citizens similarly situated as Plaintiff, depriving such citizens of their constitutional rights within the meaning of 42 U.S.C. §1983.

73.    The constitutional deprivations detailed above were caused by the lack of training, supervision, review and discipline by Defendant **CHESTER TOWNSHIP** with regard to its officers, and police officers in general and the individual Defendants in particular, by failing in their ability to appropriately interact with citizens without causing the deprivation of constitutional rights, and departing from the prevailing standards.

74.    Prior to the date of the incident involving Plaintiff, Defendant **CHESTER TOWNSHIP** permitted, tolerated, ratified, overlooked and/or approved the constitutional violations of citizens by officers of its police department, particularly the individual Defendants, and other officers similarly situated, who were not properly trained, disciplined and/or supervised to appropriately interact with citizens without causing the deprivation of constitutional rights.

16

75.     Defendant **CHESTER TOWNSHIP** is responsible for the promulgation, adoption, and implementation of official policies for its officers and police officers in general, and the individual Defendants, in particular, to appropriately interact with citizens without causing the deprivation of constitutional rights.

76.     As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant **CHESTER TOWNSHIP**, the Plaintiff sustained physical injury and other deprivation of his civil rights as indicated herein.

77.     Defendant **CHESTER TOWNSHIP** has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs, and for the need for more or different training, supervision, investigation or discipline in the following areas of:

    a.     the use of unreasonable force, by police officers;

    b.     the proper exercise of police powers, including;

    c.     the monitoring of officers, including, but not limited to officers it knew or should have known may have been suffering from emotional or psychological problems that impaired their ability to function as officers;

    d.     the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    e.     police officers' use of their status as police officers to employ the use of excessive force;

17

f.      the failure of police officers to follow established policies, procedures,

directives and instructions regarding the use police powers under such

circumstances as presented  herein.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, **JOSEPH**

**STEINMACHER**, demands compensatory and punitive damages against the Defendant,

**CHESTER TOWNSHIP**, in an amount fairly and adequately compensate the plaintiff, plus

interest, costs, attorney's fees and delay damages.


## COUNT IV
## PLAINTIFF v. POLICE OFFICER MICHAEL SPICER
## AND POLICE CORPORAL ATKINS
## CONSPIRACY

78.     The preceding paragraph are incorporated herein by reference, as through

each were fully set fourth herein at length.

79.      As demonstrated by their concerted conduct, **Police Officer MICHAEL**

**SPICER** and/or **Police Corporal ATKINS**, entered into an agreement or reached a meeting

of the minds to assault and battery, and subject the Plaintiff, **JOSEPH STEINMACHER**, to

excessive force.

80.      The above-described actions were so malicious and intentional and

displayed such reckless indifference to Plaintiff's rights and well-being that the imposition

of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, **JOSEPH STEINMACHER**, demands compensatory and punitive damages against the Defendants, **Police Officer  MICHAEL SPICER and Police Corporal ATKINS**, in an amount fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

**COUNT V**
**PLAINTIFF v. POLICE CORPORAL ATKINS**
**SUPERVISORY LIABILITY**

81.     All preceding paragraphs are incorporated herein by reference, as through each were fully set fourth herein.

82.      Plaintiff,  **JOSEPH STEINMACHER**, believes and therefore avers that Defendant, **Police Corporal ATKINS**, participated in, directed, encouraged, and/or use of excessive force against Plaintiff, **JOSEPH STEINMACHER**, which deprived Plaintiff of his constitutional rights and privileges under the Constitution of the United States, more specifically the Fourth Amendment.

83.     The Plaintiff believes and therefore avers that Defendant, **Police Corporal ATKINS**, encouraged and failed to prevent their subordinate officer Police Officer Michel Spicer, from using excessive force against Plaintiff and therefore deprived the Plaintiff of his rights under the Fourth Amendment.

19

84.     As detailed above, Defendant, **Police Corporal ATKINS**, failed to fulfill his obligation to supervise and intervene when he had an independent and affirmative duty and reasonable opportunity to prevent the illegal use of excessive force against Plaintiff by his subordinate officer.

85.     As detailed above, by encouraging and failing to supervise and intervene, Defendant, **Police Corporal ATKINS** effectively assisted his subordinate officer in using excessive force against Plaintiff and therefore deprived the Plaintiff of his constitutional rights and privileges under the Constitution of the United States, more specifically the Fourth Amendment.

86.     The above-described actions of the Defendant in his individual capacities was so malicious, intentional and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, **JOSEPH STEINMACHER**, demands compensatory and punitive damages against the Defendant, **POLICE CORPORAL ATKINS**, in an amount fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

20

**COUNT VI**
**PLAINTIFF v. ALL DEFENDANTS**
**SUPPLEMENTAL STATE LAW CLAIMS**

87.     The Plaintiff hereby incorporates by reference all of the averments contained in paragraphs 1 through 77 above, inclusive, as fully as though the same were set forth here at length.

88.     The acts and conduct of the Defendant **Police Officer MICHAEL SPICER** in this case constitute assault and battery, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has supplemental jurisdiction to hear and adjudicate these conspiracy claims.

89.     The acts and conduct of the Defendant **Police Corporal ATKINS** in this case further constitute acting in concert and conspiracy with the other individual Defendants to commit and/or cover up acts constituting assault and battery, and intentional infliction of emotional distress, under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has supplemental jurisdiction to hear and adjudicate these conspiracy claims.

90.     The acts and conduct of the individual Defendants in this case further constitute acting in concert and conspiracy to commit and/or cover up acts constituting assault and battery, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has supplemental jurisdiction to hear and adjudicate these conspiracy claims.

21

91.   Under state law, Defendant **CHESTER TOWNSHIP** has liability for the negligent hiring, training, and supervision of the individual police officer Defendants, and this Honorable Court has supplemental jurisdiction to hear and adjudicate the claims asserted against **CHESTER TOWNSHIP**

92.   In all state law claims, the individual Defendants intended to cause, and did cause, serious harm to Plaintiff **JOSEPH STEINMACHER**.

**WHEREFORE**, Plaintiff, **JOSEPH STEINMACHER,** demands compensatory damages against the Defendants **Police Officer MICHAEL SPICER, Police Corporal ATKINS,** and **CHESTER TOWNSHIP**, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate him for the violation of his Fourth Amendment rights and the injuries he suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court. Plaintiff demands a trial by jury.

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**

**By:**   *Jeffrey R. Lessin /s/*
    **JEFFREY R. LESSIN, ESQUIRE**
    **Attorney for Plaintiff**
    **1515 Market Street, Suite 1650**
    **Philadelphia, PA 19102**
    **215-599-1400**

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**

**By:**   *James E. Murphy /s/*
    **JAMES E. MURPHY, ESQUIRE**
    **Attorney for Plaintiff**
    **1515 Market Street, Suite 1650**
    **Philadelphia, PA 19102**
    **215-599-1400**

22

## **VERIFICATION**

I, Joseph Steinmacher , state that I am the Plaintiff in this matter and that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.


Joseph steinmacher (Mar 25, 2025 15:02 EDT)